UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO SANCHEZ AVILES, | Case No. 1:19-cv-01389-JDP |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST CLAIMS |
| v. | |
| J. SULLIVAN, | ECF No. 1 |
| Respondent. | |

Petitioner Aurelio Sanchez Aviles, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner claims that his due process rights are currently being violated by officials at his prison. *See* ECF No. 1 at 6. Petitioner states that he was granted elderly parole on April 10, 2019 and that his release date was set for July 19, 2010. *Id*. However, he remains incarcerated. *Id*.[1]

The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to a habeas corpus proceeding must examine the petition and order a response thereto unless it "plainly appears" that the petitioner is

---

[1] We have reviewed the California Department of Corrections and Rehabilitation's inmate locator listing for the petitioner and take judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* California Department of Corrections and Rehabilitation Inmate Locator, https://inmatelocator.cdcr.ca.gov/ (search "Search for Inmate" for "Aurelio Aviles"). The petitioner's parole eligibility date is listed as July 2021.

1

not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Rule 4 was "designed to give courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The court may dismiss claims at screening for "easily identifiable" procedural defects. *See id*. We will order petitioner to show cause why his petition should not be dismissed for failure to exhaust his claims.

**Discussion**

Petitioner must exhaust his claims before seeking federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A); *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). The exhaustion doctrine is based on comity; it gives the state courts the initial opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971).

Here, petitioner states that he has sought neither prison administrative nor state court review of the prison's failure to release him. *See id*. at 7. He has provided no evidence of having filed any state petitions or appeals. If petitioner is currently pursuing relief in state court—and we have no indication that he is—the existence of such a parallel proceeding would warrant the court's abstinence from considering this case to allow state courts the first opportunity to address his claims. *See Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). If petitioner has not exhausted his claims, we cannot exercise jurisdiction over the case. Therefore, petitioner is ordered to show cause why his petition should not be dismissed for failure to exhaust his claims.

**Order**

Accordingly,

1. Within thirty days from the date of service of this order, petitioner must show cause as to why his petition should not be dismissed for failure to exhaust his claims.
2. Petitioner's failure to comply with this order may result in the dismissal of this action.[2]

IT IS SO ORDERED.

Dated: February 10, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.

---

[2] Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (stating that a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of an action).

3