UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO SANCHEZ AVILES, | Case No. 1:19-cv-01389-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO EXHAUST CLAIMS |
| v. | |
| J. SULLIVAN, | OBJECTIONS DUE IN THIRTY DAYS |
| Respondent. | ECF No. 1 |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Aurelio Sanchez Aviles, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner claims that his due process rights are currently being violated by officials at his prison. *See* ECF No. 1 at 6. Petitioner states that he was granted elderly parole on April 10, 2019, and that his release date was set for July 19, 2019. *Id*. However, he remains incarcerated. *Id*.[1]

---

[1] We have reviewed the California Department of Corrections and Rehabilitation's inmate locator listing for the petitioner and take judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* California Department of Corrections and Rehabilitation Inmate Locator, https://inmatelocator.cdcr.ca.gov/ (search "Search for Inmate" for "Aurelio Aviles"). The petitioner's parole eligibility date is listed as July 2021.

1

The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to a habeas corpus proceeding must examine the petition and order a response thereto unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Rule 4 was "designed to give courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The court may dismiss claims at screening for "easily identifiable" procedural defects. *See id*. On February 10, 2020, we issued an order to show cause why the petition should not be dismissed for lack of exhaustion at the state level.[2] ECF No. 7. Petitioner was granted three extensions of time to respond to our order. ECF Nos. 9, 11, 13. Petitioner has not responded, and the time to do so has passed. *See* ECF No. 13.

**Discussion**

Petitioner must exhaust his claims before seeking federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A); *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). The exhaustion doctrine is based on comity; it gives the state courts the initial opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971).

Although petitioner states that he has sought review before the highest state court, we have no indication that this is so.[3] *See* ECF No. 1 at 3. Petitioner has failed to provide any

---

[2] In our order to show cause, we warned petitioner that a failure to respond to the order might result in a recommendation for dismissal. *See* Fed. R. Civ. P. 41(b) (stating that a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of an action).

[3] We have reviewed the California Court's Appellate Courts Case Information database and take judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* California Court Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search (search Fifth Appellate District and California Supreme Court, "Search by Party" for "Aurelio Aviles"). Petitioner sought habeas relief from the California Court of Appeal for a parole release violation on April 29, 2020. *See In re Aurelio Sanchez Aviles on H.C.*, No. F081081 (Cal. Ct. App. May

evidence that he has sought review of his claims before the state courts, as required by § 2254(b)(1)(A), despite being provided with nearly six months to do so.  Therefore, we recommend that the petition be dismissed for failure to exhaust his claims.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made a substantial showing of the denial of a constitutional right.  Thus, we recommend that the court not issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the court dismiss the petition, ECF No. 1, and decline to issue a certificate of appealability.  Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. District Court judge presiding over the case.  Within thirty days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations.  That document must be captioned "Objections to Magistrate

---

21, 2020).  The petition was denied on May 21, 2020.  We have no indication that the habeas petition filed with the Court of Appeal raised the same claims as those raised in the instant petition.  Moreover, we can find no record of petitioner seeking habeas relief before the California Supreme Court.

Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign a district judge to this case for the purpose of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:   August 12, 2020                                 _____
                                                        UNITED STATES MAGISTRATE JUDGE

No. 206.

4