UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO SANCHEZ AVILES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN J. SULLIVAN,<br><br>Respondent. | No. 1:19-cv-01389-DAD-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING PETITION, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 15) |

Petitioner Aurelio Sanchez Aviles is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In his pending petition seeking federal habeas relief, petitioner claims that the California Board of Parole Hearing granted him early release under the Elderly Parole Program, California Penal Code § 3055, but he remains incarcerated even though his release date of July 19, 2019 has now passed. (Doc. No. 1 at 6.) On February 7, 2020, the assigned magistrate judge issued an order to show cause why the petition should not be dismissed due to petitioner's failure to first exhaust his claims by presenting them to the highest state court. (Doc. No. 7 at 2.) After requesting and receiving multiple extensions of time to do so, plaintiff filed no objections and the

time to do so passed.  Accordingly, on August 13, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed because petitioner failed to exhaust his claims before the state courts.  (Doc. No. 15.)   The pending findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty (30) days of service.  (*Id*. at 3.)  Petitioner has not filed any objections to the findings and recommendations and the time for doing so has passed.

On December 2, 2020, the court performed searches both using petitioner's name and his prisoner number the California Department of Corrections and Rehabilitation ("CDCR") inmate locator website, which yielded no records.  *See* CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/ (running separate searches for "Aviles" and then "D42226"). Accordingly, this court takes judicial notice of the fact the petitioner is no longer incarcerated. Fed. R. Evid. 201.  Given that eligibility for California's Elderly Parole Program requires a period of at least twenty-five years of continuous incarceration, the court will assume for purposes of this order that petitioner remains under parole or probation supervision and that he therefore satisfies the "in custody" requirement for maintaining a federal habeas action.  Cal. Pen. Code § 3055(a); *see Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1989) ("Parole constitutes 'custody' for habeas corpus purposes.") (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)); *Arketa v. Wilson*, 373 F.2d 582, 583 (9th Cir. 1967) ("In California, a convict who is on probation is as much in custody as one who is on parole[.]")

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  The federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).  "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is only allowed in certain circumstances.

2

*Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability).  A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right" 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, 28 U.S.C. § 2253(c)(3).  Here, petitioner has not made such a showing because there is no indication he has sought review of state authorities' failure to release him through the state courts.  Moreover, it appears at this time that any alleged error has been corrected by his release.  Accordingly, a certificate of appealability will not be issued.

Accordingly,

1. The findings and recommendations issued on August 13, 2020 (Doc. No. 15) are adopted in full;
2. The petition for writ of habeas corpus is dismissed due to petitioner's failure to exhaust his claims in state court;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 3, 2020**

UNITED STATES DISTRICT JUDGE

3